48 CCPA

**VITA–VAR CORPORATION, Appellant,**

v.

**GALVICON CORPORATION, Appellee.**

Patent Appeal No. 6591.

United States Court of Customs
and Patent Appeals.

Dec. 22, 1960.

S. Michael Ress, New York City, for appellant.

Watson, Cole, Grindle & Watson, Washington, D. C. (Felix M. deRosa, Washington, D. C., of counsel), for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Judges, and Judge WILLIAM H. KIRKPATRICK.[1]

SMITH, Judge.

Appellant's petition to cancel registration No. 624,348 issued to appellee on its mark "Galvicon" on April 3, 1956, for "Galvanizing and Rust-Resistant Paints and Solvents for Metals," was dismissed by the Trademark Trial and Appeal Board (120 USPQ 505). This appeal from the dismissal of the petition raises the issue as to whether under the provisions of Section 2 of the Lanham Act (15 U.S.C.A. § 1052), the mark "Galvicon" so resembles appellant's registered mark "Galvanum" as to be likely, when applied to the goods of appellee, to cause confusion or mistake or to deceive purchasers.

The pertinent facts upon which the parties are agreed show:

1. Appellant is the prior user by many years of its mark "Galvanum" and is the owner of trademark registration No. 133,677 issued to a predecessor on August 3, 1920, and since renewed. Appellant and its predecessor have used and are now using the mark in connection with the sale of paint particularly intended as a protective coating for *galvanized* iron surfaces.

2. Appellee since February 4, 1953 has used the name "Galvicon" for a protective coating and solvents therefor.

1. United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate *in place of Judge* O'CONNELL, pursuant to provisions of Section 294(d), Title 28 U.S.C.

The coating contains a high proportion of zinc and is used cold to provide a rust resisting protective coating, sometimes referred to as *"cold galvanizing"* on iron or steel surfaces which are subject to corrosion.

3. Comparing the marks as a whole, the common prefix "Galv" is found in both marks. The respective suffixes "Icon" and "Anum" differ in sound and appearance. The affidavit of Grebinar describes the origin and meaning of appellee's mark as follows:

"The mark Galvicon was coined by me from the dictionary term 'Galvano,' which is defined by Webster's Dictionary as a 'combining form for galvanic or galvanism', to describe the electrical action which occurs between Respondent's product and the coated base metal. The suffix 'con' forming a part of Respondent's mark was added to the prefix 'Galvi' to suggest the electrical contact or binding properties between the coating and the base metal, 'con' also being a dictionary term defined as 'with' or 'together.' The mark was coined by me on or about 1952."

4. The prefix "Galv" is shown to have been used in other registered trademarks, some ten in number, all of which registrations have been issued since the registration of appellant's mark. Such a prefix also is shown in a list of trademarks listed in The Thomas Register of American Manufacturers subsequent to the effective date of the registration of appellant's mark "Galvanum."

The Trademark Trial and Appeal Board concluded that the common syllable of the two marks was "highly suggestive" as applied to the goods and concluded that "the differences between the marks are such as to preclude reasonable likelihood of confusion."

We agree with the conclusions reached by the Trademark Trial and Appeal Board. The common prefix "Galv" used in the two marks in issue has no significance as indicating either party as the source or origin of the respective goods to which the names are applied. The word "Galvano" is defined in Webster's New International Dictionary, 2d ed., as a combining form as used in the words "galvanic, galvanism." The same dictionary defines the words "galvanic" and "galvanism" from which we find that both terms were derived from the proper name of Luigi Galvani on account of his connection with the discovery of "dynamical electricity." Substantially the same combining form also appears in the word "galvanize" which in its second definition means "to coat (iron or steel) with zinc; as galvanized iron."

While it is necessary in analyzing the similarities and differences of the marks in issue to dissect them, our decision is based on a comparison of the entire marks.

At the time the mark "Galvanum" was first adopted and used by appellant's predecessor it was a coined word in which "Galv" or "Galvan" was highly suggestive of the intended uses of the products on which the mark was used. Thus when appellee adopted and used its mark "Galvicon" using the same prefix, it was using a common combining form also found in the descriptive term "galvanize." Such distinctiveness as there is in appellee's mark must be found in the "Icon" suffix.

Thus when we consider the marks in their entireties we are impressed, and we think a purchaser of the goods also will be impressed with the fact that the similarities of the mark do not have that distinctiveness which by themselves would enable the marks to indicate the source or origin of the goods of either party. The distinctive portions of the respective marks cause the names to sound different because of the difference in pronunciation. Also, the differences in appearance between the marks include, in addition to the difference between "-Anum" and "-Icon," the use of script with the tail of the "G" extending under the whole word *in petitioner's mark* while appellee's mark is in plain block capital letters. The marks thus look different. To the extent the distinctive portions of

the marks have any significance they convey distinctive meanings to a prospective purchaser.

While each case must stand essentially on its own facts, the conclusion we here reach finds ample legal support in earlier decisions of this court, among which are Sure-Fit Products Co. v. Saltzson Drapery Co., 254 F.2d 158, 45 CCPA 856; National Motor Bearing Co., Inc. v. James-Pond-Clark, 266 F.2d 799, 46 CCPA 877, and Shoe Corp. of America v. The Juvenile Shoe Corp. of America, 266 F.2d 793, 796, 46 CCPA 868.

In the Shoe Corp. case this court said:

"In determining whether a word or *syllable* has a descriptive or suggestive significance as applied to merchandise, it is proper to take notice of the extent to which it has been used in trademarks by others on such merchandise. If it has been frequently so used, the inference is warranted that it is not purely arbitrary; that it would be likely to be understood by purchasers as identifying or describing the merchandise itself, rather than the source thereof and hence as having little or no trademark significance."

We, therefore, approve of the summary of the board in the concluding paragraph of its opinion which reads:

"Considering the highly suggestive nature of the common syllable of the two marks ["Galv-"] as applied to the goods, it is concluded that the differences between the marks are such as to preclude any reasonable likelihood of confusion."

For the foregoing reasons the decision of the Trademark Trial and Appeal Board is affirmed.

Affirmed.

WORLEY, Chief Judge (dissenting).

In my opinion "Galvicon" and "Galvanum" are so similar in sound, appearance, and meaning that their concurrent use on the goods of the respective parties, which are substantially identical, would be quite likely to lead to confusion. In view of that fact, and of the well-settled rule that doubts as to registrability should be resolved against the newcomer, I am of the opinion that appellant's opposition should have been sustained and that the decision appealed from should be reversed.