48 CCPA

**E. L. BRUCE COMPANY, Appellant,**

v.

**AMERICAN TERMICIDE COMPANY, Inc., Appellee.**

**Patent Appeal No. 6604.**

United States Court of Customs and Patent Appeals.

Dec. 8, 1960.

Rehearing Denied Feb. 6, 1961.

---

Albert H. Kirchner, Washington, D. C., for appellant.

Julius R. Lunsford, Jr., Atlanta, Ga., for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Associate Judges, and Judge WILLIAM H. KIRKPATRICK.[1]

MARTIN, Judge.

This is an appeal from a decision of the Commissioner of Patents, acting through the Assistant Commissioner, 121 USPQ 586, affirming dismissals by the Examiner of Interferences of a notice of opposition and a petition for cancellation brought by appellant, E. L. Bruce Company. The appellee, American Termicide Company, Inc., is owner of the trademark, "Termicide," registered in the United States Patent Office for wood preservative. Appellee has also applied for registration of "Termicide" as a service mark for exterminating services. Appellant is owner of "Terminix," registered as a trademark for insecticides and as a service mark for termite control services.

Appellant has opposed the registration of "Termicide" as a service mark and has petitioned for cancellation of "Termicide" as a trademark on the grounds that it has prior rights in "Terminix" which it uses as a trademark for wood preservatives, particularly against attack by termites and other insects, and as a service mark for exterminating services including termite control. Appellant claims that the two marks are used for the same goods and services, and are confusingly similar in pronunciation, spelling and suggestion. The opposition and cancellation proceedings were consolidated in the Patent Office.

The examiner found no dispute as to priority, and that the respective goods and services are identical in kind. The record recites registration and use by third parties of numerous marks comprising "Term" and "Termi" for insecticides and termite control services. The examiner held that "Termicide" and "Terminix" are both highly suggestive that the goods and services of both parties are designed to eliminate, kill or control termites. The examiner stated:

"\* \* \* The opposer, however, by its prior adoption and use of the trademark 'Terminix' may not preclude the subsequent use and registration by the applicant and others in the trade of marks for like goods and services having a similar suggestive connotation if they are otherwise substantially dissimilar. \* \* \* And considering the nature of the term 'Termi' common to the marks 'Termicide' and 'Terminix' and taking into consideration that

---

1. United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate *in place of* *Judge O'CONNELL*, pursuant to provisions of Section 294(d), Title 28 United States Code.

the terminal portions 'Nix' and 'Cide' per se are distinctly different in every material particular, it is the opinion of the examiner that these marks as a whole are sufficiently distinguishable to enable their contemporaneous use for the specified goods and services without reasonable likelihood of confusion, mistake or deception of purchasers."

The Commissioner affirmed the findings and holdings of the examiner, stating:

"The record leads to a conclusion that, when purchasers buy termite control services, they are likely, if they rely on the mark used on the insecticide or repellent, to rely on the full mark and not on 'Term' or 'Termi' to distinguish.

" 'Termicide' is sufficiently unlike 'Terminix' to avoid likelihood of confusion, mistake or deception of purchasers."

Appellant urges that the two marks are confusingly similar because they are both suggestive of the absence of termites. It is argued that "Termi" means termites and that "Cide" means "death" while "Nix" means "no" or "none," and that while appellee has the right to incorporate "Termi" in a mark to be used in the termite control business, it should not be permitted to use "Termi" in "Termicide" since:

" * * * Termicide and Terminix, viewed in their entireties, have substantially the same meaning, significance, and suggestiveness, and create substantially the same impression, reaction and mental associations. * * * "

Since appellant agrees that the use of "Termi" as a part of a trademark on products or services for the extermination or prevention of termites is highly suggestive, there is only one issue before us. That issue is whether the use of "Nix" and "Cide" together with the common prefix creates trademarks which are sufficiently different to avert the likelihood of confusion in trade when the marks are contemporaneously used on similar products and services.

Appellant claims that "Nix" was used in its trademark because it means "no" or "none" and that since "Cide" means kill, these two suffixes when added to "Termi" produce a similar connotation in the purchaser's mind. We disagree with appellant. We do not think the average purchaser would sense that significance with respect to "Nix," and certainly the spelling, sound, and appearance of the suffixes are entirely different.

We doubt that the purchasing public relies on "Termi" to indicate the source of the products or services because of the inherent weakness of that prefix, and because of the many termite exterminators who have used it in their marks as indicated by the third party registrations and other evidence in the record. If the purchasing public relies on the marks at all to indicate source, the suffixes would be the determining factor. Consequently, considering the marks in their entireties, we are of the opinion that there is no likelihood of confusion to purchasers when appellee applies its mark to its goods and services.

In view of the foregoing, we affirm the decision of the Commissioner.

Affirmed.