54 CCPA
**FORT HOWARD PAPER COMPANY,**
Appellant,

v.

**GULF STATES PAPER CORPORATION,**
Appellee.

**Patent Appeal No. 7797.**

United States Court of Customs and Patent Appeals.
May 18, 1967.

Arthur L. Morsell, Curtis B. Morsell, Milwaukee, Wis., Arthur L. Morsell, for appellant.

Raphael Semmes, Washington, D. C. (M. Mallet Prevost, Washington, D. C., of counsel), for appellee.

Before WORLEY, Chief Judge, RICH, SMITH and ALMOND, Judges, and WILLIAM H. KIRKPATRICK.*

RICH, Judge.

This appeal is from the decision of the Patent Office Trademark Trial and Appeal Board, 146 USPQ 593, dismissing appellant's opposition to appellee's application to register the trademark "E-Z NAPS," serial No. 149,844, filed July 26, 1962, for facial tissue, toilet tissue, paper napkins, and paper towels.

The sole issue is likelihood of confusion, mistake, or deception within the meaning of section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d). Opposer is the prior user and owner of registrations of "handinap" and "HANDINAPS," Reg. Nos. 616,224 and 616,225 of Nov. 15, 1955, for paper napkins. Applicant's earliest claimed date of use is July 5, 1962. The goods being in part the same, we proceed on the basis that there is no difference in the goods. The decision is therefore determined primarily by the differences and similarities in the marks.

Both parties produced trade witnesses who testified, for the opposer, that confusion would in their opinion be likely, and, for the applicant, that confusion would not be likely. We agree with the board that this testimony is conflicting and subsequently equally balanced and therefore of no net probative force.

It is not necessary to discuss the marks beyond noting the facts that they have the syllable "naps" in common, which is obviously derived from the word "napkins," and that the remainder is "E-Z" in the case of applicant and "HANDI" in the case of opposer. It becomes a matter of subjective opinion whether, considering sound, appearance and meaning of the marks as a whole and probable manner of use by vendors, distributors, users, and purchasers, concurrent use on the same goods is likely to result in confusion, mistake or deception. The board did not think so and neither do we.

While, as we have often noted, prior decisions are not of much value in cases of this kind, we note appellant's reliance on our opinion in Magnavox Co. v. Multivox Corp. of America, 341 F.2d 139, 52 CCPA 1025 (1965). Several other decisions are cited but this one is stressed. A more pertinent case, in our view, is E. L. Bruce Co. v. American Termicide Co., 285 F.2d 462, 48 CCPA 762 (1960), where we held that concurrent use of "TERMICIDE" and "TERMINIX" for insect exterminating services and insecticides, respectively, particularly in the termite control field, would not be reasonably likely to cause confusion. The parallel between the syllable "termi" in the termite control field and the syllable "nap" in the napkin field should be self-evident.

We have considered opposer's contentions with respect to its alleged possession of a family of "nap" marks but, like the board, we do not find that the record supports the existence of a publicly-recognized family of such marks linked with appellant-opposer as a source. Opposer has not relied on any registrations other than the two mentioned above.

The decision of the board is *affirmed*. *Affirmed*.

* Senior District Judge, Eastern District of Pennsylvania, sitting by designation.