56 CCPA

**The DRACKETT COMPANY, Appellant,**

v.

**H. KOHNSTAMM & CO., Inc., Appellee.**

**Patent Appeal No. 8051.**

United States Court of Customs and Patent Appeals.

Jan. 16, 1969.

F. M. DeRosa, Washington, D. C., Watson, Cole, Grindle & Watson, Washington, D. C., for appellant.

Francis J. Sullivan, Liddy, Sullivan, Hart, Daniels & Baxley, New York City (Joe E. Daniels, New York City, of counsel), for appellee.

Before WORLEY, Chief Judge, and RICH, ALMOND, BALDWIN and KIRKPATRICK,* Judges.

BALDWIN, Judge.

This appeal is from the decision of the Trademark Trial and Appeal Board dismissing an opposition by The Drackett Company to H. Kohnstamm & Co., Inc.'s application[1] to register the trademark DUSTOP for goods described as "An Oil for Impregnating Dust Cloths and Oil Mops for Use as an Aid in Cleaning," asserting use since November 12, 1963. Appellant, The Drackett Company, opposed on the ground of likelihood of confusion, based upon its registered trademark ENDUST[2] for a "Dust Absorbing Composition for Application to Dust Mops and Dust Cloths as an Aid in Cleaning," asserting use since April 25, 1952.

Neither party took testimony, the opposer relying upon a certified copy of its trademark registration and certain advertising material appearing in periodical publications. There was no evidence as to the extent of any use of appellant's mark, the channels of trade, or the specific nature of appellant's product. Although both products are cleaning aids for use with dust cloths and mops and thus are presumably of a competitive character, appellee's product is an oil and appellant's product is a dust absorbing composition of unspecified consistency. Appellant's priority of adoption and use are not in question.

---

* Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

1. Application serial No. 183,603, filed December 20, 1963.

2. Registration No. 585,415, issued February 9, 1954, to a predecessor.

■ Based on this factual background, the basic issue is whether appellee's mark DUSTOP so resembles appellant's registered mark ENDUST as to be likely to cause confusion or mistake as to source when applied to the involved goods.

We believe that the board correctly decided there was no likelihood of confusion and properly dismissed the opposition. The board stated:

> The marks "ENDUST" and "DUSTOP" are highly suggestive terms which were obviously adopted to indicate that the products sold thereunder are intended to end or stop dust or dusting. It is well settled that the scope of protection afforded marks of this character must necessarily be narrow, and the opposer, as the prior user and registrant, cannot preclude the registration by others of similarly suggestive but otherwise distinguishable notations or trademarks for similar goods. * * * Accordingly, although the designations "DUSTOP" and "ENDUST" may have similar meanings, the differences between them in both sound and appearance are sufficient, in view of the nature of such marks, to obviate any likelihood that purchasers would attribute the goods sold thereunder to the same source.

■ The board correctly found that appellee's mark ENDUST does not resemble appellant's mark DUSTOP and that there is no likelihood that purchasers would attribute the goods sold thereunder to the same source. There is very little resemblance in appearance or sound; the only common feature from this standpoint is the inclusion of the word "dust" in which appellant can have no exclusive right in connection with products for disposing of dust. Concerning resemblance in meaning, appellant argues that "END and STOP are synonymous terms" and that "[b]oth marks, therefore, have identical meanings, that is, to end or stop dust or dusting." However, if the marks have any significance as argued by appellant, it must be the highly suggestive meaning found by the board and thus ENDUST is a weak mark which is entitled to only a limited scope of protection. Although ENDUST may not be *descriptive* in the sense that the product actually *ends* dust or dusting, the mark *is* suggestive. The scope of protection afforded such highly suggestive marks is necessarily narrow and confusion is not likely to result from the use of two marks carrying the same suggestion as to the use of closely similar goods. Sure-Fit Products Company v. Saltzon Drapery Company, 254 F.2d 158, 45 CCPA 856 (1958), E. L. Bruce Co. v. American Termicide Co., Inc., 285 F.2d 462, 48 CCPA 762 (1960).

The decision of the board is affirmed.

Affirmed.