Hearing:                                      Paper No. 20
January 22, 1998                                       PTH

**THIS DISPOSITION IS CITABLE**
**AS PRECEDENT OF THE TTAB**              DEC. 15, 98

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE
_____

Trademark Trial and Appeal Board
_____

Miguel Torres S.A.
v.
Casa Vinicola Gerardo Cesari S.R.L.
_____

Opposition No. 99,024
to application Serial No. 74/312,015
filed on September 8, 1992
_____

Robert G. McMorrow of Sughrue, Mion, Zinn, MacPeak & Seas
for Miguel Torres S.A.

Fernanda M. Fiordalisi and Joseph Orlando of Bucknam &
Archer for Casa Vinicola Gerardo Cesari S.R.L.
_____

Before Simms, Hairston and Walters, Administrative Trademark
Judges.

Opinion by Hairston, Administrative Trademark Judge:

An application has been filed by Casa Vinicola Gerardo

Cesari S.R.L. to register the mark set forth below for

wines.[1]

---

[1] Application Serial No. 74/312,015, filed September 8, 1992,
alleging dates of first use and first use in commerce of June
1990.  The application states that "[t]he English translation of
"DUE TORRI" is "TWO TOWERS.""



Registration has been opposed by Miguel Torres S.A. under Section 2(d) of the Trademark Act on the ground that applicant's mark, when used in connection with wines, so resembles opposer's previously used and registered marks set forth below, as to be likely to cause confusion:  TORRES for wines and brandy;[2]

# T O R R E S

for brandy and wine;[3] and

# Tres Torres

for brandy.[4]

---

[2] Registration No. 897,048 issued August 18, 1970; renewed.  The registration states that " 'Torres is a Spanish word for 'towers'."

[3] Registration No. 1,413,565 issued October 14, 1986; Sections 8 & 15 affidavit filed.  The registration indicates that the lining and/or stippling shown in the mark is for shading purposes, with

Applicant, in its answer, denied the salient allegations in the notice of opposition.

The record consists of the pleadings; the file of the opposed application; trial testimony, with related exhibits, taken by both parties; and status and title copies of opposer's pleaded registrations submitted under notice of reliance. Both parties filed briefs on the case and both were represented by counsel at an oral hearing held before the Board.

Opposer took the testimony of Gregory Christoff, vice-president of marketing for Paterno Imports. Paterno Imports is the exclusive U.S. importer of opposer's wines and a national marketer of premium wines. According to Mr. Christoff, the sale of foreign produced wines in the United States involves a three-tiered distribution system: an importer or supplier, such as Paterno Imports, in the case of opposer; a regional distributor for a given geographic area; and a retailer such as a store or restaurant, which sells the wine to the ultimate consumer. According to Mr. Christoff, wines are displayed at retail according to whether they are domestic or import, and within the import section by country of origin or by variety. Mr. Christoff

no claim being made as to color, and that the word "TORRES," when translated into English, means "TOWERS."
[4] Registration No. 1,459,458 issued September 29, 1987; Sections 8 & 15 affidavit filed. The registration contains the following

testified that opposer is known in the wine trade as "the leading quality company from Spain." (Dep., p. 11).  Mr. Christoff identified two newspaper articles and three articles from trade publications which discuss opposer and its wines.  According to Mr. Christoff, his company often uses reprints of these articles in marketing opposer's wines.

Applicant took the testimony of Gianfranco Carbone, a regional manager with the Opici Wine Group.  Opici Imports, a subsidiary, imports applicant's DUE TORRI wines and distributes them in New York, Connecticut, Florida and New Jersey.  According to Mr. Carbone, Opici Imports introduced applicant's wines into the United States market in 1989 or 1990.  Applicant's wines, which fall into the moderately priced category, are sold through retail stores and restaurants.  Mr. Carbone testified that in 1996 Opici Imports sold or distributed over 50,000 cases of DUE TORRI wines.

As indicated above, opposer has made of record status and title copies of its three pleaded registrations.  Thus, there is no issue with respect to opposer's priority.  King Candy Co. v. Eunice King's Kitchen, Inc., 496 F.2d 1400, 182 USPQ 108 (CCPA 1974).

---

statement:  The English translation of the foreign words in the mark on the drawing is "Three Towers."

This brings us to the issue of likelihood of confusion.[5] Turning first to the goods, applicant's wines are identical in part or otherwise closely related to opposer's wine and brandy. Although applicant argues that its wines are of Italian origin, while opposer's wines and brandy are of Spanish origin, the identifications of goods in the involved application and registrations contain no such limitations and must accordingly be considered to encompass wines and brandy of all types and geographic origin. Thus, if wines, on the one hand, and wines and brandy, on the other, were to be sold under the same or

---

[5] We should note that in an ex parte appeal, the Board held that the visual and phonetic differences in the marks TORRES and TORRES and design on the one hand and DUE TORRI and design, on the other, when considered in their entireties, were sufficient to render the marks distinguishable and thereby avoid a likelihood of confusion. However, that decision is not determinative of the outcome herein inasmuch as the record in this opposition is different from the record in the ex parte appeal. Here, the owner of the cited registrations, opposer, has come forward with evidence which of course was not of record in the ex parte appeal.

substantially similar marks, confusion as to source or sponsorship would be likely to occur.

Turning then to a consideration of the marks, we begin our analysis of whether confusion is likely by keeping in mind the principle that "when marks would appear on virtually identical goods or services, the degree of similarity necessary to support a conclusion of likely confusion declines."  Century 21 Real Estate Corp. v. Century Life of America, 970 F.2d 874, 23 USPQ2d 1698, 1700 (Fed. Cir. 1992).

In this case, we find that applicant's mark DUE TORRI and design is sufficiently similar to opposer's marks TORRES, TORRES and design, and TRES TORRES in sound and connotation as to be likely to cause confusion when the marks are used in connection with identical and closely related goods.  With regard to sound, we believe that these marks may be pronounced in very similar manners.  We note in this regard that Italian and Spanish are both Romance languages with similar roots.  Here, not only do the marks share the sound of the prefix "TOR" (in the words TORRES and TORRI), but the ending suffixes "-RI" and "-RES" may be pronounced in like manners.  Also, the marks have very similar connotations.  Applicant's mark, when translated, means "two towers," and registrant's marks, when translated, mean "towers" and "three towers."

6

We recognize that this Board, on at least one occasion, has declined to apply the doctrine of foreign equivalents where the respective marks consisted of terms from different foreign languages. See Safeway Stores Inc. v. Bel Canto Fancy Foods Ltd., 5 USPQ2d 1980, 1982 (TTAB 1987). However, this case does not lay down a proposition of law that bars the application of this doctrine in all cases involving two foreign languages.[6] As always, each case must be determined on its own merits. We recognize that only a relatively few potential customers in the United States may be fluent in the two languages here (Spanish and Italian). However, in this case, we do not believe that purchasers and prospective purchasers need be <u>fluent</u> in Spanish and Italian to readily understand the connotations of these marks. That is to say, someone fluent in Spanish and aware of opposer's marks TORRES, TORRES and design, and TRES TORRES, who then encounters the Italian words DUE TORRI on wine may well understand the meaning (especially in light of the accompanying design) without being especially fluent in or knowledgeable of the Italian language. In this regard, we note that the Spanish translation of applicant's mark is DOS TORRES, not terribly dissimilar from the Italian DUE TORRI. Also, applicant's mark includes in smaller lettering

---

[6] We note that the opposer in <u>Safeway Stores</u> never argued that the marks involved therein had similar connotations.

"2 TORRI," which aids in the translation.  Thus, a consumer familiar with opposer's wine and brandy, offered under marks which connote towers and three towers, would be likely to believe, upon encountering applicant's wine, offered under a similar sounding mark which connotes two towers, that the goods originate from or are sponsored by the same source. Cf. In re Sarkli, Ltd., 721 F.2d 353, 220 USPQ 111 (Fed. Cir. 1983).

Another factor which is indicative of a likelihood of confusion in this case is the strength of opposer's marks. Opposer's witness, Mr. Christoff, testified that opposer is known as the leading quality wine company from Spain.  We note in this regard that applicant's counsel, at the oral hearing, conceded that opposer's marks are well known. Consequently, opposer's TORRES marks are entitled to a relatively broad scope of protection.[7]

The lack of evidence of any known instances of actual confusion does not cause us to reach a contrary result.  It must be remembered that evidence of actual confusion is hard to come by and that the test under Section 2(d) of the Act is not actual confusion but likelihood of confusion.

Finally, to the extent that we have any doubt in this proceeding, we must resolve it in favor of the registrant, the prior user, and against the applicant.  Giant Food, Inc.

v. Nation's Foodservice, Inc., 710 F.2d 1565, 218 USPQ 390, 395 (Fed. Cir. 1983).

In sum, we conclude that consumers familiar with opposer's well known TORRES, TORRES and design, and TRES TORRES marks for wines and brandy, would be likely to believe, upon encountering applicant's DUE TORRI and design mark for wine, that such goods emanate from or are otherwise sponsored by the same source. Even if they were to notice the minor differences in the marks, they may well believe that opposer is now selling a new wine (DUE TORRI) to complement its TORRES and TRES TORRES wines and brandy.

---

[7] It should be noted that this factor was not present in the ex parte appeal discussed above.

**Decision**:  The opposition is sustained.



R. L. Simms



P. T. Hairston



C. E. Walters
Administrative Trademark
Judges, Trademark Trial and
Appeal Board